(917 P. 2d 893)

No. 73,560 ■

PATRICIA M. STEVENSON, *Appellant*, v. BRETT H. ROBINSON, DIRECTOR OF COLLECTIONS, DEPARTMENT OF REVENUE, STATE OF KANSAS, and MARSHA M. SPANGLER, CLERK OF THE DISTRICT COURT, EIGHTEENTH JUDICIAL DISTRICT, SEDGWICK COUNTY, KANSAS, *Appellees.*

Opinion filed March 8, 1996.

*John C. King,* of King Law Offices, Ltd., of Wichita, for appellant.

*Brian Cox,* of Kansas Department of Revenue, of Topeka, for appellees.

Before MARQUARDT, P.J., LEWIS, J., and NELSON E. TOBUREN, District Judge, assigned.

TOBUREN, J.: Patricia M. Stevenson appeals from the district court's order denying her application for attorney fees and costs incurred in her successful action to enjoin the Kansas Department of Revenue (KDR) from filing a personal tax warrant against her for outstanding liquor excise taxes. The taxes were owed by a liquor establishment owned by Pat, Inc., for which Stevenson served as a

corporate officer. The district court found the KDR's tax warrant procedure to be unconstitutional because it afforded no pre- or post-warrant administrative remedy by which the tax liability determinations could be challenged. The KDR did not appeal that decision. Our analysis of the attorney fee issue is thus predicated on the assumption that the district court's decision on the constitutional issue was correct.

Stevenson argues she is entitled to attorney fees because the KDR's proposed course of action, which the district court found to be unconstitutional, was unreasonable as a matter of law and that the district court applied an improper legal standard in denying her request under K.S.A. 79-3268(f). Alternatively, Stevenson concedes that the use of the word "may" in a statute usually imports a discretionary intent and argues that the district court abused its discretion in denying her request for attorney fees.

K.S.A. 79-3268(f), the statute upon which Stevenson makes claim, provides: "Attorney fees and related expenses may be awarded to a taxpayer if it can be proved that an assessment or claim asserted by the department is without a reasonable basis in law or fact." The statute places the burden of proof on the taxpayer.

"Interpretation of a statute is a question of law. An appellate court's review of a question of law is unlimited." *Foulk v. Colonial Terrace*, 20 Kan. App. 2d 277, Syl. ¶ 1, 887 P.2d 140 (1994), *rev. denied* 257 Kan. 1091 (1995); see *State v. Donlay*, 253 Kan. 132, Syl. ¶ 1, 853 P.2d 680 (1993). "When construing a statute, a court should give words in common usage their natural and ordinary meaning." *Bank IV Wichita v. Plein*, 250 Kan. 701, 705-06, 830 P.2d 29 (1992). "When a statute is plain and unambiguous, the court must give effect to the intention of the legislature as expressed, rather than determine what the law should or should not be." *Martindale v. Tenny*, 250 Kan. 621, Syl. ¶ 2, 829 P.2d 561 (1992); accord *State v. Gonzales*, 255 Kan. 243, 249, 847 P.2d 612 (1994).

Use of the word "may" in a statute indicates that the decision is committed to the discretion of the party authorized to take action. See *Matzke v. Block*, 542 F. Supp. 1107, 1114 (D. Kan. 1982); see also *Bell v. Kent-Brown Chevrolet Co.*, 1 Kan. App. 2d 131, 134-

35, 561 P.2d 907 (1977) (interpreting whether K.S.A. 1975 Supp. 50-634[e] was discretionary in allowing attorney fees in an action under the Kansas Consumer Protection Act).

K.S.A. 79-3268(f) is clear and unambiguous. The word "may," as applied by the legislature in K.S.A. 79-3268(f), renders the award of attorney fees within the discretion of the district court upon a finding that the claim or assessment challenged is without a "reasonable basis in law or fact."

Several federal courts have equated the phrase "substantially justified" with "reasonable basis in law *and* fact." See *Pierce v. Underwood,* 487 U.S. 552, 565, 101 L. Ed. 2d 490, 108 S. Ct. 2541 (1988). In an action to recover attorney fees against the Secretary of Housing and Urban Development under the Equal Access to Justice Act (28 U.S.C. § 2412[d][1][A] [1995]), the Supreme Court held that "substantially justified" means "'justified in substance or in the main'—that is, justified to a degree that could satisfy a reasonable person. That is no different from the 'reasonable basis both in law and fact' formula adopted by [other courts]." *Pierce,* 487 U.S. at 565. Stevenson cites several federal decisions awarding attorney fees under the "substantially justified" standard. These cases all involve the assessment of liability against persons clearly not liable under existing statutes (see *Pate v. U.S.,* 982 F.2d 457 [10th Cir. 1993]; *Beaty v. U.S.,* 937 F.2d 288, 292-93 [6th Cir. 1991]) or continued government prosecution after the taxpayer presented a "plethora of precedent to the IRS" clearly establishing its nonliability, *Bouterie v. C.I.R.,* 36 F.3d 1361, 1370 (5th Cir. 1994). As discussed below, the statutory provisions relied on by the KDR are not so clear as to render its actions unreasonable as a matter of law.

"'Judicial discretion is abused when judicial action is arbitrary, fanciful or unreasonable, which is another way of saying that discretion is abused only where no reasonable [person] would take the view adopted by the trial court.' [Citation omitted.]" *In re Marriage of Wade,* 20 Kan. App. 2d 159, 168, 884 P.2d 736 (1994), *rev. denied* 256 Kan. 995 (1995).

The KDR asserted Stevenson's personal liability under K.S.A. 1995 Supp. 79-2971, which provides:

"Any individual who is responsible for collection or payment of excise taxes imposed under the provisions of K.S.A. 12-1692 *et seq.*, 12-1696 *et seq.*, 41-501 *et seq.*, 79-3301 *et seq.*, 79-3370 *et seq.*, 79-3401 *et seq.*, 79-3490 *et seq.*, 79-34,108 *et seq.*, 79-3817 *et seq.*, 79-4101 *et seq.* or 79-41a01, and amendments thereto, or for control, receipt, custody or disposal of funds due and owing under such acts who fails to collect such tax, or account for and pay over such tax, or attempts in any manner to evade or defeat such tax or the payment thereof shall be personally liable for the total amount of the tax evaded, or not collected, or not accounted for and paid over, together with any interest and penalty imposed thereon. The provisions of this section shall apply regardless of the relationship with the taxpayer held by such individual and regardless of the form under which the taxpayer conducts business, whether a sole proprietorship, partnership or corporation."

The KDR contends Stevenson's corporate status renders her a responsible party under the statutory language of K.S.A. 1995 Supp. 79-2971. Whether Stevenson is in fact liable is irrelevant. A reasonable reading of the statutory language justifies the KDR's assertion that personal liability attaches to corporate officers "in charge" of a drinking establishment which has failed or refused to pay its liquor drink taxes.

The KDR's position rests on the interplay of K.S.A. 1995 Supp. 79-41a02 and K.S.A. 1995 Supp. 79-41a03 with the reference in K.S.A. 1995 Supp. 79-2971 to "K.S.A. 79-41a01, and amendments thereto." K.S.A. 1995 Supp. 79-41a02 imposes a 10 percent tax on the gross receipts derived from alcohol sales by any club, caterer, or drinking establishment. If the seller fails to remit the tax, K.S.A. 1995 Supp. 79-41a03(c) applies. It authorizes the Secretary of Revenue to

"collect the tax imposed hereunder and to adopt such rules and regulations as may be necessary for the efficient and effective administration and enforcement of the collection thereof. Whenever any club, caterer, drinking establishment or temporary permit holder liable to pay the tax imposed hereunder refuses or neglects to pay the same, the amount, including any penalty, shall be collected in the manner prescribed for the collection of retailers' sales tax by K.S.A. 79-3617 and amendments thereto."

K.S.A. 1995 Supp. 79-3617 provides for the collection of delinquent taxes from "any taxpayer" by issuing a tax warrant. K.S.A. 1995 Supp. 79-41a01 *et seq.*, the Liquor Drink Tax Act, does not define a "taxpayer." K.S.A. 79-3601 *et seq.*, the Kansas Retailers'

Sales Tax Act, defines a "taxpayer" as "any person [including individuals] obligated to account to the director for taxes collected under the terms of this act." K.S.A. 1995 Supp. 79-3602(i); see also K.S.A. 1995 Supp. 79-3602(a) (defining "persons").

In summary, K.S.A. 1995 Supp. 79-2971 appears to impose personal liability on Stevenson and directly references the Liquor Drink Tax Act. That Act references the Kansas Retailers' Sales Tax Act, which authorizes the issuance of tax warrants against "any taxpayer" liable to the KDR. K.S.A. 1995 Supp. 79-3617. Although the district court found the KDR acted unconstitutionally, it cannot be said that the claim asserted by the KDR was without a reasonable basis in law or fact. In view of the ambiguity of the personal liability statute and the means provided for its enforcement, it cannot be said that the district court abused its discretion in finding that the KDR acted under the color of the law.

Stevenson's complaint that the district court applied a "good faith/bad faith" standard rather than the "reasonable basis in law or fact" standard is without merit. Although the district court did mention the absence of bad faith by the KDR when it denied Stevenson's attorney fee request, the court also stated that the KDR acted with "some basis and belief" and with "colorable authority." The journal entry of judgment was prepared by Stevenson's attorney. It specifically provides, as a finding of the court, that the KDR "did not act unreasonably in attempting to file the subject tax warrant, so Patricia M. Stevenson's K.S.A. 79-3268(f) request for her attorney's fees should be denied."

Finally, the KDR's late suggestion made during oral argument that a problem may exist concerning the finality of the judgment and subject matter jurisdiction because "there was no final order entered" as to the codefendant, Marsha Spangler, is of no material consequence. Spangler was named as a codefendant only in her official capacity as the recipient of tax warrants for filing and entering on the appearance docket pursuant to statute. Spangler filed an answer, disclaiming any interest and stating that she would "comply with the order of the court in this matter." The district court's journal entry of judgment noted the clerk's disclaimer and restrained the KDR from issuing any tax warrant. There was no

appeal from that order. There is, therefore, no tax warrant to be filed in the clerk's office and no action to be taken with respect thereto. Spangler is bound by her acquiescence to abide by the judgment.

In view of the findings expressed herein, Stevenson's application for attorney fees must be denied.

Affirmed.