No. 99,726

TED HILL, Individually, and OT CAB, INC., *Appellants*, v. KANSAS DEPARTMENT OF LABOR, DIVISION OF WORKERS COMPENSATION, *Appellee*.

(248 P.3d 1287)

Opinion filed April 1, 2011.

*Stephen M. Kerwick*, of Foulston Siefkin, LLP, of Wichita, argued the cause, and *Gary L. Ayers*, of the same firm, was with him on the briefs for appellants.

*Heather Wilke*, staff attorney, Kansas Department of Labor, argued the cause, *A.J. Kotich*, chief counsel, and *Darren E. Root*, staff attorney, of the same department, were with her on the briefs for appellee.

The opinion of the court was delivered by

ROSEN, J.: The Kansas Department of Labor, Division of Workers Compensation (Division) imposed a $10,000 civil penalty against OT Cab, Inc., and its owner, Ted Hill, for failure to maintain workers compensation insurance pursuant to K.S.A. 2010 Supp. 44-532. The Secretary of the Department of Labor (Secretary) and the district court affirmed the Division's final order. The judgment of the Court of Appeals on the issue subject to our review is affirmed in part, reversed in part, and the case is remanded for a determination of whether a civil penalty is to be imposed. OT Cab sought review of the Court of Appeals interpretation of K.S.A. 2010 Supp. 44-532(d).

BACKGROUND

When Ted Hill purchased OT Cab in April 2004, the company employed a full-time manager, a dispatcher, and several drivers. OT Cab maintained a workers compensation policy from July 9, 2004, to January 1, 2005. Due to decreasing profits, Hill terminated the employment of the dispatcher and the part-time drivers. He retained the manager on a part-time basis and two full-time drivers under service agreements which purportedly changed the drivers' status to that of independent contractors as of January 1, 2005. At this time, OT Cab canceled the workers compensation policy because Hill believed the drivers were independent contractors.

On June 1, 2005, an anonymous caller informed the Division that OT Cab was operating without workers compensation insurance. On July 1, 2005, the Division's investigator met Hill at the OT Cab office to discuss the matter. On July 19, 2005, Hill's attorney contacted the Division's investigator to arrange a meeting, which took place August 18, 2005.

After the Kansas Department of Labor's Employment Security Division determined in an unrelated matter that OT Cab's drivers were employees rather than independent contractors, OT Cab reinstated its workers compensation insurance policy effective November 17, 2005, for a $3,400 annual premium.

The Division filed a statement of charges alleging that Hill and OT Cab knowingly and intentionally failed to maintain workers compensation insurance in violation of K.S.A. 2010 Supp. 44-532 and requested a $25,000 civil penalty. After an evidentiary hearing, the administrative hearing officer issued an order reciting findings of fact and conclusions of law and imposed a $10,000 penalty.

Hill and OT Cab jointly sought review with the Secretary, who summarily affirmed the hearing officer's findings and conclusions except for the imposition of a $10,000 civil penalty. On remand, the hearing officer articulated the reasons for imposing a $10,000 civil penalty and again imposed that amount. The hearing officer issued an amended supplemental order to include the appeals language mandated by K.S.A. 77-526(c). The Secretary denied the subsequent request for review, ruling that the hearing officer's in-

itial order and supplemental order would constitute the final order. The district court affirmed the final order.

Hill and OT Cab jointly appealed, claiming that the district court erred in (1) determining that the cab drivers were employees of OT Cab rather than independent contractors; (2) making the erroneous legal assumption that K.S.A. 2010 Supp. 44-532(d) required a civil penalty to be imposed regardless of any mitigating facts; and (3) piercing the corporate veil to impose joint and individual civil liability upon Hill and OT Cab. *Hill v. Kansas Dept. of Labor*, 42 Kan. App. 2d 215, 217, 210 P.3d 647 (2009).

The Court of Appeals affirmed the determination that the drivers were employees of OT Cab rather than independent contractors and reversed the imposition of joint and individual liability for the civil penalty against Hill. *Hill*, 42 Kan. App. 2d 215, Syl. ¶¶ 4, 6. The Court of Appeals further determined that upon finding of a violation, K.S.A. 2010 Supp. 44-532(d) mandates a $25,000 civil penalty with no discretion for the imposition of either no penalty or a reduced penalty and remanded to the Division for the imposition of a $25,000 civil penalty. *Hill*, 42 Kan. App. 2d at 233. OT Cab sought review with this court alleging that (1) the Court of Appeals erred as a matter of law in dramatically increasing the penalty imposed below without any cross-appeal or attack on the original penalty by the Division and (2) the Court of Appeals erred in its interpretation of K.S.A. 2010 Supp. 44-532(d).

At oral argument, OT Cab cited to the final chapter of Mick Jagger and Keith Richards' learned treatise "Let It Bleed" for legal authority on the first issue, saying: "You don't always get what you want, but you shouldn't get what you don't ask for." This court responds with an accurate quotation of the Rolling Stones classic, which perhaps better summarizes these and many litigants' posture before this court: "You can't always get what you want / But if you try sometimes you just might find / You get what you need."

In the more conventional parlance of this court, because the second issue is dispositive, we will begin with an analysis of K.S.A. 2010 Supp. 44-532(d).

*Interpretation of K.S.A. 2010 Supp. 44-532(d)*

On appeal to the Court of Appeals, OT Cab argued that the hearing officer erroneously limited his discretion by considering a civil penalty between $6,800 and $25,000 rather than considering the full range of $0 to $25,000, which includes the option to impose no civil penalty at all. OT Cab further argued that the district court avoided ruling on whether a penalty was mandatory under the statute, which effectively affirmed the hearing officer's erroneous interpretation of the statute. The Division responded by arguing that the $10,000 civil penalty imposed was not arbitrary, capricious, or unreasonable.

K.S.A. 2010 Supp. 44-532(d) states:

"In addition, whenever the director has reason to believe that any employer has engaged or is engaging in the knowing and intentional failure to secure the payment of workers compensation to the employer's employees as required in subsection (b) of this section, the director shall issue and serve upon such employer a statement of the charges with respect thereto and shall conduct a hearing in accordance with the Kansas administrative procedure act, wherein the employer *may be liable to the state for a civil penalty in an amount equal to* twice the annual premium the employer would have paid had such employer been insured or $25,000, whichever amount is greater." (Emphasis added.)

OT Cab maintains that the language "may be liable" provides the Division with the discretion to impose a civil penalty up to the described maximum amount, including the discretion to impose no penalty at all. The Division takes a similar position, allowing a hearing officer to exercise discretion to impose civil penalties other than twice the annual premium or $25,000, whichever is greater. Specifically, the Division has incorporated district court Judge Franklin R. Theis' 2006 decision in *In the Matter of Henry "Hank" Lamping, Jr. and Kansas City Marble Corp. v. Kansas Division of Workers Compensation, Kansas Department of Labor,* Case No. 04C1685, into the Division's interpretation and application of K.S.A. 2010 Supp. 44-532, requiring that hearing officers set forth the rationale supporting their exercise of discretion to impose a civil penalty other than the statutory maximum.

Judge Theis noted that his plain language reading of K.S.A. 44-532(d) mandated a penalty of $25,000 or twice the annual premium

the employer would have paid had the employer been insured, whichever amount is greater. The Division, however, stated that its interpretation of the statute allowed imposition of a discretionary civil penalty ranging from $0 to $25,000. Judge Theis accepted the Division's interpretation under the doctrine of operative construction, a doctrine which has lost favor with this court, particularly in cases of statutory construction. See, *e.g.*, *Ft. Hays St. Univ. v. University Ch., Am. Ass'n of Univ. Profs.*, 290 Kan. 446, Syl. ¶ 2, 228 P.3d 403 (2010). Judge Theis remanded the case because the hearing officer had not articulated the reasons supporting the $25,000 penalty imposed in that case. Based on Judge Theis' decision, the Secretary of the Kansas Department of Labor has required hearing officers to set forth the particular rationale explaining the amount of civil penalty imposed.

The Court of Appeals engaged in a plain language analysis of K.S.A. 2010 Supp. 44-532(d), reading the "may be liable" language in the context of the entire statute and arriving at the following conclusion:

· "Placed in context, the word 'may' clearly refers only to the possibility that the Division may find, based upon the evidence produced at a hearing, that the employer violated K.S.A. 2008 Supp. 44-532(b). In the event a violation is found, however, the statute clearly anticipates imposition of a penalty in the particular amount established in section (d), *i.e.*, twice the annual premium the employer would have paid had the employer been insured, or $25,000, whichever amount is greater." *Hill*, 42 Kan. App. 2d at 231.

We disagree with the conclusion that the use of the word "may" refers only to the possibility of a finding of a violation. In our reading of the statute, the language "wherein the employer may be liable to the state for a civil penalty." clearly relates to the *possibility* of the imposition of a civil penalty as one of the potential outcomes of the hearing. We find that K.S.A. 2010 Supp. 44-532(b) provides the Division with discretion to impose no civil penalty at all even after a finding that the employer violated the statute. If the civil penalty was intended to be mandatory, the legislature could have used directory language such as "shall" or "must" rather than the permissive word "may."

The Court of Appeals then focused on the language "in an amount equal to" in its plain language interpretation of the statute. *Hill*, 42 Kan. App. 2d at 231. The Court of Appeals' interpretation of the statute requires "that when a violation of the statute is found, the Division must impose a civil penalty in an amount equal to twice the annual premium the employer would have paid had such employer been insured or $25,000, whichever amount is greater," without the discretion to impose a different amount. *Hill*, 42 Kan. App. 2d at 233. We agree that once a determination is made that a civil penalty is to be imposed, the statute requires a civil penalty "in an amount equal to twice the annual premium the employer would have paid had such employer been insured or $25,000, whichever amount is greater." K.S.A. 2010 Supp. 44-532(d).

While it may seem illogical that an employer in violation of K.S.A. 2010 Supp. 44-532(b) is subject to either no penalty or a substantial one, without discretion to impose a civil penalty between the two extremes, that is clearly the mandate of the legislature. Certainly, the legislature knows how to give an administrative agency the discretion to impose a civil penalty with a maximum amount. See, *e.g.*, K.S.A. 2-1011(3) (allowing for "a civil penalty *in an amount not more than* $1,000 per violation," for the unlawful sale or distribution of commercial feeding stuff); K.S.A. 16a-6-108(3)(b) (allowing, among other possible sanctions, "a civil penalty *up to a maximum of* $5,000 for each violation" of the uniform consumer credit code); K.S.A. 65-170d(a)(5) (allowing the director of the division of environment to impose "a civil penalty *in an amount of up to* $10,000 for each violation" for certain public water supply and sewer system problems). Language such as "in an amount not more than," "up to a maximum of," and "in an amount of up to" clearly provides an administrative agency with the discretion to impose a civil penalty from $0 to a stated maximum. K.S.A. 2010 Supp. 44-532(d), however, uses the language "in an amount equal to." This language does not leave any discretion for a civil penalty less than the amount set by statute.

"When a statute is plain and unambiguous, we must give effect to the legislature's intention as expressed, rather than determine what the law should or should not be." *Casco v. Armour Swift-*

*Eckrich,* 283 Kan. 508, 521, 154 P.3d 494 (2007). Although it may appear somewhat nonsensical that the agency does not have discretion to impose a civil penalty between $0 and $25,000, the expressed intention of the legislature allows only the possibility of no civil penalty or a $25,000 civil penalty, or even greater if the amount of "twice the annual premium" the employer would have paid for workers compensation insurance exceeds $25,000. We recognize that the resulting penalty extremes leave OT Cab, and those similarly situated, exposed to "Under My Thumb" as background music at hearings conducted by the Secretary. We further appreciate that this caught between a "rock and a hard place" posture leaves those found to be in violation of K.S.A. 2010 Supp. 44-532(d) either engaged in a celebratory dance of the "Harlem Shuffle" or left shattered and reciting "I Can't Get No Satisfaction" in its prayer for appellate relief. However, as we have often stated, it is not for us to add something to a statute not readily found in it. *Bergstrom v. Spears Manufacturing Co.,* 289 Kan. 605, 214 P.3d 676 (2009).

In this case, the hearing officer did not first properly determine whether a civil penalty was appropriate under these facts. We remand to the Division of Workers Compensation for a determination of whether a civil penalty is to be imposed at all. Because we remand on this issue, we do not reach the question of whether the Court of Appeals had jurisdiction to increase the civil penalty imposed absent a cross-appeal by the Division.

Judgment of the Court of Appeals reversing the district court on the issue subject to our review is affirmed in part and reversed in part. Judgment of the district court on the issue subject to our review is reversed, and the case is remanded with directions to the Division of Workers Compensation.

CARL B ANDERSON, JR., District Judge, assigned.