(274 P.3d 657)
No. 105,460

SHANNON JORDAN, *Appellee,* v. ROY A. JORDAN, *Appellant.*

Opinion filed April 12, 2012.

*Robert J. Lane,* of Davis, Manley & Lane, LLC, of El Dorado, for appellant.

*Gary C. West* and *Stephine Bowman,* of Kansas Coalition Against Sexual and Domestic Violence, for appellee.

Before PIERRON, P.J., GREEN, J., and KNUDSON, S.J.

KNUDSON, J.: This is an appeal from a district court's order extending a protection from abuse (PFA) order for an additional year. K.S.A. 2010 Supp. 60-3107(e) states that a PFA order already in place "may" be extended for an additional year on motion from the plaintiff. Shannon Jordan filed a motion to extend a PFA order in place against her estranged husband Roy Jordan. After an evidentiary hearing, the district court granted the 1-year extension.

On October 29, 2009, Shannon filed a petition for a PFA order against her estranged husband, Roy. In the petition, Shannon claimed that Roy had abused her throughout their marriage and that a domestic violence charge was pending against him for an altercation in which he tried to harm her with a machete. The petition also cited a previous domestic violence conviction against Roy. The petition requested protection for Shannon and Shannon and Roy's five children. An evidentiary hearing on the petition was conducted on November 16, 2009, and that same day the district court granted the PFA order. The order was granted only as to

Shannon. On November 10, 2010, Shannon filed a motion to extend the PFA order. The parties were engaged in divorce proceedings at the time the PFA order was put in place and when Shannon sought an extension of it.

On November 29, 2010, an evidentiary hearing was held on the motion to extend the PFA order. Shannon testified at the hearing, stating that she was still fearful of Roy and that Roy had violated the PFA order. Roy also testified, claiming that he had not physically or verbally threatened Shannon since the PFA order was in place and that Shannon directed contact towards Roy. Roy also noted that he had not been arrested for violating the PFA order since it was put in place.

At the hearing, the parties testified about an incident that took place at a hospital at which Shannon was a patient. During the time that the original PFA order was in place, Shannon was hospitalized after a suicide attempt. She testified that while she was in the hospital, Roy visited her. She said that he stood outside the window of her room. Roy testified that he was at the hospital that day because he brought the children to see Shannon. He said he stayed in the waiting room while the children visited Shannon.

Other incidents took place at events for the children. Shannon testified that Roy came to the YMCA while Shannon was with the children at gymnastics practice. Shannon testified that Roy came to the YMCA while Shannon was there with the children and watched Shannon "the whole time" rather than looking at the children. Roy, on the other hand, claimed that he was at the YMCA that day because gymnastics practice took place on his parenting day, and he exercised while the children were in practice. Shannon also claimed that Roy would come to school events for the kids and sit directly behind her and glare at her. Roy claimed that he sat far from Shannon at events like concerts and football games.

Another key dispute involved an exchange between Shannon and Roy before Shannon moved out of the house that the two had shared during their marriage. Shannon testified that Roy broke into the home and removed the locks from the doors while she was staying there. Roy countered by saying that he had possession of the home at the time and that Shannon had stayed past the date

by which she was ordered to vacate. Roy testified that he did not change the locks; he broke into the home when it was in his possession because he had never been given keys to it.

Shannon testified that, at the time of the hearing, she was staying in a safe house and receiving counseling. She acknowledged that she was severely depressed, stating that she attempted suicide after she lost residential custody of her children, and thought that she was going to be homeless. Shannon said that she wanted the PFA order to be extended because it was "the only way [she could] legally ensure" her safety. Shannon acknowledged that Roy had not physically harmed her or directly contacted her since the PFA order was issued. She also acknowledged that she contacted Roy while the PFA order was in place but said that it was through text message to discuss exchanging the children.

The district court granted Shannon's motion to extend, finding that Shannon "continue[d] to be fearful of [Roy] and she want[ed] the PFA order extended." At the close of the hearing and in its subsequent order, the district court noted that whether to grant a 1-year extension under K.S.A. 2010 Supp. 60-3107(e) "appear[ed] to be entirely within the discretion of the trial court." In its order, the district court also stated that the evidence presented at the evidentiary hearing on the motion to extend the PFA order "would not in this Court's opinion be sufficient for the granting of an original PFA order." At the hearing, the district court stated that "subjectively, Shannon Jordan continue[d] to be fearful of Roy Jordan." The order also referenced subjectivity, stating that the order was based "primarily upon [Shannon's] subjective belief that a continuing PFA order [was] necessary for her safety and peace of mind." Finally, the district court noted that Shannon and Roy were involved in divorce proceedings and keeping the PFA order in place "should serve to help maintain the peace between these parties."

On appeal, Roy contends that the district court erred in granting Shannon's motion in the exercise of sound judicial discretion. He argues that the order granting the extension was based on Shannon's subjective conclusions which did not constitute substantial and competent evidence sufficient to support the grant of an extension. Roy argues that the district court was required to have

presented substantial and competent evidence to support Shannon's motion.

Before we consider the legal issues raised by Roy, we must consider whether his appeal should be dismissed for mootness because the 1-year extension of the PFA order has expired and is not subject as a matter of law to further extension. As a general rule an appellate court does not decide moot questions or render advisory opinions. See *State v. Bennett*, 288 Kan. 86, 89, 200 P.3d 455 (2009); *Smith v. Martens*, 279 Kan. 242, 244, 106 P.3d 28 (2005). However,

"[m]ootness is not a question of jurisdiction, and the courts have routinely acknowledged two exceptions to the rule. First, where a judgment is not enforceable only because of lapse of time or other changed circumstances and where dismissal of an issue will adversely affect rights vital to one of the parties, a court may address the issue. [Citations omitted.] Second, where an issue, although moot, is capable of repetition and raises concerns of public importance, a court may address the issue. [Citation omitted.]" *State v. DuMars*, 37 Kan. App. 2d 600, 605, 154 P.3d 1120, *rev. denied* 284 Kan. 948 (2007).

We have concluded a dismissal for mootness would be inappropriate. The issue as to the quantum of proof required to support a 1-year extension of a PFA order is capable of repetition and does raise a concern of public importance. Thus we move to the issues raised on appeal.

K.S.A. 2010 Supp. 60-3107(e) governs the initial grant of such an order and provides for the order to be extended. The statute reads, in relevant part: "[A] protective order or approved consent agreement shall remain in effect until modified or dismissed by the court and shall be for a fixed period of time not to exceed one year, *except that, on motion of the plaintiff, such period may be extended for one additional year.*" (Emphasis added.) K.S.A. 2010 Supp. 60-3107(e).

Interpretation of a statute is a question of law over which appellate courts have unlimited review. *Unruh v. Purina Mills*, 289 Kan. 1185, 1193, 221 P.3d 1130 (2009) (citing *Genesis Health Club, Inc. v. City of Wichita*, 285 Kan. 1021, 1031, 181 P.3d 549 [2008]). "The fundamental rule governing interpretation of statutes is that the legislature's intent governs if this court can ascertain that in-

tent. The court presumes that the legislature expressed its intent through the language of the statutory scheme. [Citation omitted.]" *Unruh*, 289 Kan. at 1193-94. In that respect, "[a]n appellate court's first task is to 'ascertain the legislature's intent through the statutory language it employs, giving ordinary words their ordinary meaning.' " *Padron v. Lopez*, 289 Kan. 1089, 1097, 220 P.3d 345 (2009) (quoting *State v. Stallings*, 284 Kan. 741, 742, 163 P.3d 1232 [2007]).

The statute at issue states only that the PFA order "may" be extended on motion of the plaintiff. K.S.A. 2010 Supp. 60-3107(e). The word "may" is generally a trigger for a statute that is discretionary. Shannon makes this point on appeal by referencing literature from the Kansas Judicial Council: "One way to determine whether the discretionary standard will apply is to look at the language of the applicable statute. Statutes typically use the word 'may' to indicate that the decision is discretionary." Kansas Judicial Council, *Kansas Appellate Practice Handbook* § 8.7 (4th ed. 2010).

The Kansas Supreme Court has stated that the word "may" typically indicates a discretionary decision for the trial court. In *Plains Transport of Kansas, Inc. v. Baldwin*, 217 Kan. 2, 4-5, 535 P.2d 865 (1975), the court interpreted K.S.A. 60-242(a): "The statute uses the word 'may,' leaving the matter to the sound discretion of the district court." There are several other instances of our appellate courts finding that inclusion of the word "may" equates to a discretionary decision for the trial court. See, *e.g.*, *Hill v. Kansas Dept. of Labor*, 292 Kan. 17, 21, 248 P.3d 1287 (2011) (stating that the word "may" in K.S.A. 2010 Supp. 44-532[d] affords the administrative law judge the discretion to impose or not impose a civil penalty); *In re Care & Treatment of Twilleger*, 46 Kan. App. 2d 302, 310, 263 P.3d 199 (2011) (noting previous holdings that the word "may" in K.S.A. 2007 Supp. 59-29a08[a] dictates that the district court has discretion over the appointment of an independent medical examiner); *Stevenson v. Robinson*, 22 Kan. App. 2d 305, 306, 917 P.2d 893 (1996) (stating that the word "may" in K.S.A. 79-3268[f] gives the district court discretion to award attorney fees).

Applying the principle from these decisions to the present case, and seeking to give "ordinary words their ordinary meaning," we hold that the explicit language of K.S.A. 2010 Supp. 60-3107(e) gives the trial court discretion to extend the PFA order when such an order is within the bounds of judicial discretion. Had the legislature intended to make the standard for extension of a PFA order preponderance of the evidence, it would have stated so in K.S.A. 2010 Supp. 60-3107(e). Instead, it used the word "may," indicating that the decision is discretionary. K.S.A. 2010 Supp. 60-3017(e).

A judicial action constitutes an abuse of discretion if the action (1) is arbitrary, fanciful, or unreasonable; (2) is based on an error of law; or (3) is based on an error of fact. *State v. Ward*, 292 Kan. 541, 570, 256 P.3d 801 (2011).

We hold under the above standard that the district court did not abuse its discretion in extending the PFA order for an additional year. We reject Roy's contention that the district court inappropriately based its decision on the subjective fear that Shannon had of Roy. As noted in *Trolinger v. Trolinger*, 30 Kan. App. 2d 192, 194, 42 P.3d 157 (2001), *rev. denied* 273 Kan. 1040 (2002), PFA orders are by their nature subjective judgments, and the district court is in the best position to know when they are warranted.

We insist that the district court was in the best position to know whether an extension was necessary. The district judge that extended the PFA order is the same judge that originally issued the PFA order. In the order extending the PFA order, the district court noted that the divorce case between Roy and Shannon "ha[d] been quite contentious" and that "the continuation of the current PFA for an additional year should serve to help maintain the peace between these parties."

We have also outlined the factual circumstances shown by the evidence that would lead a reasonable person to adopt the same view as the court. See *State v. Gonzalez*, 290 Kan. 747, 755, 234 P.3d 1 (2010). Under the evidence presented, we conclude the district court did not abuse its judicial discretion in granting Shannon's motion for a 1-year extension of the PFA order.

Affirmed.