NOT DESIGNATED FOR PUBLICATION

No. 119,629

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

BRIE A. KERSCHEN, on Behalf of Z.U.,
*Appellee*,

v.

KINGSLEY UDUZEI UWADIA,
*Appellant*.

MEMORANDUM OPINION

Appeal from Sedgwick District Court; CLARK V. OWENS II, judge pro tem. Opinion filed August 23, 2019. Appeal dismissed.

*Jennifer A. Wagle,* of Wagle & Turley, LLC, of Wichita, for appellant.

*Richard K. Thompson* and *Teresa L. Adams*, of Martin, Pringle, Oliver, Wallace & Bauer, L.L.P., of Wichita, for appellee.

Before ATCHESON, P.J., HILL and BUSER, JJ.

PER CURIAM: This is an appeal of a protection from abuse order. For the reasons explained in the opinion, we hold the appeal is moot and must be dismissed.

Brie A. Kerschen sought a protection from abuse order on behalf of her 15-year-old daughter against Kingsley Uduzei Uwadia, alleging that he caused or attempted to cause his daughter bodily injury and placed her in fear of imminent bodily injury. Kerschen cited ongoing physical abuse by Uwadia that included a closed-fist punch to their daughter's face, and a specific incident in August 2017.

1

After the district court found that Uwadia caused his daughter substantial physical pain by hitting her on her leg and that he was not merely imposing discipline, the court issued a protection from abuse order. Uwadia appeals.

While this appeal was pending, Kerschen notified the court that her daughter had died. The motions panel of this court directed Uwadia to explain why this appeal was not moot even though the protection order had expired and his daughter was deceased. He responded that the case is not moot because his rights to custody of his other two children could be affected based on the finding of abuse here. The motions panel retained the appeal without ruling on mootness.

We hold the appeal is moot. A review of the applicable law highlights why.

An appeal is moot if "it is clearly and convincingly shown the actual controversy has ended, the only judgment that could be entered would be ineffectual for any purpose, and it would not impact any of the parties' rights." *Wiechman v. Huddleston*, 304 Kan. 80, 84, 370 P.3d 1194 (2016). Here, with the death of the parties' daughter, she can no longer be the subject of the issuance of any future order of protection, and any current order of protection expires upon her death. In other words, with the death of the real party in interest, Z.U., the case is moot.

Our policy is clear—Kansas appellate courts do not decide moot questions or render advisory opinions. The mootness doctrine recognizes that the role of the court is to "'determine real controversies relative to the legal rights of persons and properties which are actually involved in the particular case properly brought before it and to adjudicate those rights in such manner that the determination will be operative, final, and conclusive.'" *State v. Hilton*, 295 Kan. 845, 849, 286 P.3d 871 (2012).

Our Supreme Court has given us guidance on this point when it ruled that issues on a protection order that has expired are moot. *Smith v. Martens*, 279 Kan. 242, 106 P.3d 28 (2005). But a court can consider moot issues that are a matter of public importance and capable of repetition. The *Martens* court, for example, chose to address the constitutionality of the Protection from Stalking Act, K.S.A. 60-31a01 et seq., but dismissed the remaining issues on the protection order as moot because it had expired. 279 Kan. at 244-45. In other words, important public issues that can be repeated can be addressed by the courts even in a moot case.

Using the same technique, a panel of this court in *Jordan v. Jordan*, 47 Kan. App. 2d 300, 304, 274 P.3d 657 (2012), took up the appeal of a one-year extension of a protection order because, although the extension order had expired, the issue about the quantum of proof required to support a one-year extension was capable of repetition and was of public importance. Therefore, the court addressed the issue.

We see no question of public importance arising here. Instead, Uwadia contends his rights to custody of his other two children could be affected based on the finding of abuse here. He also contends there was insufficient evidence to support the court's finding that he had caused his daughter substantial pain. We question whether this is sufficient grounds to continue this moot appeal.

It is true that rights vital to the parties have been recognized by this court as a reason to consider a moot issue if dismissal of the appeal would adversely affect those rights. See *Skillet v. Sierra*, 30 Kan. App. 2d 1041, 1046-47, 53 P.3d 1234 (2002). Even with this recognition, the *Skillet* court dismissed a protection from abuse appeal as moot when the order had expired and any issues involving the child could be resolved in an ongoing paternity case. 30 Kan. App. 2d at 1046, 1048. Likewise, the issues between this mother and father involving their daughter and this incident have expired with her death. Like the *Skillet* court, these issues can be addressed in other legal proceedings.

The only case that offers some support for Uwadia's position is *Kaster v. Riley*, No. 117,008, 2018 WL 672106, at *4 (Kan. App.) (unpublished opinion), *rev. denied* 308 Kan. 1595 (2018). The *Kaster* court considered an expired protection from stalking order because a finding that a person is a stalker or involved in stalking behavior can have long-term consequences for that person. The court recognized that in any future protection from stalking cases or criminal cases incorporating that behavior, such a determination could have a substantial impact on the court's perception of that person, what charges could be filed, or sentences might be entered. We distinguish *Kaster* because this is not a stalking case.

Finally, we decline the invitation to speculate about what may or may not occur between Uwadia and Kerschen in the future. See *S.N. v. Ehling*, No. 114,412, 2016 WL 5867481, at *3 (Kan. App. 2016) (unpublished opinion).

No exception to the mootness doctrine applies here. We dismiss this appeal as moot.

Dismissed.