NOT DESIGNATED FOR PUBLICATION

No. 129,055

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

M.M.H.,
*Appellee*,

v.

J.P.,
*Appellant*.

MEMORANDUM OPINION

Appeal from Wyandotte District Court; KATHLEEN M. LYNCH, judge. Submitted without oral argument. Opinion filed April 3, 2026. Affirmed.

*Jeffrey Leiker*, of Leiker Law Office, P.A., of Overland Park, for appellant.

*Catherine A. Zigtema*, of Zigtema Law Office LC, of Shawnee, for appellee.

Before MALONE, P.J., BRUNS and HURST, JJ.

PER CURIAM: J.P. appeals the district court's one-year extension of a final protection from abuse (PFA) order entered against him on behalf of M.M.H. Following an evidentiary hearing, the district court found that M.M.H. had shown good cause to extend the PFA order for one year and that the extension was reasonably necessary for her protection. Based on our review of the record on appeal, we find that the district court appropriately exercised its discretion to extend the PFA order for one year and we affirm its decision. Furthermore, we deny M.M.H.'s motion for appellate attorney fees filed pursuant to Kansas Supreme Court Rule 7.07(b) and (c) (2026 Kan. S. Ct. R. at 52).

1

The parties are familiar with the underlying facts. As such, we will not repeat them in detail here. Instead, we will briefly summarize those facts that are material to the limited issues presented on appeal.

On September 19, 2023, M.M.H. petitioned the district court for a PFA order against J.P. on behalf of herself and her minor child. At one time, M.M.H. and J.P. were in a dating relationship and lived together. Moreover, J.P. is the father of M.M.H.'s minor child who was originally included in the petition seeking a PFA order. On January 22, 2024, the district court issued a final PFA order and J.P. did not appeal.

Prior to the expiration of the final PFA order, M.M.H. filed a motion requesting that the district court extend the order for an additional year. In her motion, M.M.H. alleged that there were three separate incidents that justified the extension. Although it was not required to do so, the district court held an evidentiary hearing via Zoom to consider the motion on April 14, 2025. During the hearing, both M.M.H. and J.P. testified and presented arguments regarding their respective positions.

After hearing the testimony and considering the arguments, the district court granted a one-year extension of the PFA order. In doing so, the district court explained:

> "'The extension is at the sole discretion of the Court.' This part's really important, so pay attention, folks. 'No violation or new incidents are required. However, the plaintiff should provide specific facts that show the need for an extension of the order.' The part where—let me give you the quote. *Jordan vs. Jordan*, 47 Kan. App. 2d 300-306: 'Though they don't have to show a conviction or a new incident, they can file the extension once the respondent's been given an opportunity to be heard—is noticed and given an opportunity to be heard, the Court has to make the determination.'"

Two days later, the district court entered an order in which it extended the final PFA order until April 14, 2026. In the order, the district court found that "[t]here is good cause, and it is reasonably necessary for the protection of [M.M.H.] to extend the . . . Final Protection from Abuse Order for one . . . additional year[]." Furthermore, the district court found that the "other terms of the original [PFA] order shall remain in effect." However, since the parenting issues are being addressed in a separate paternity action, the minor child is not a party to the extension of the PFA order.

Thereafter, J.P. filed a timely notice of appeal. The parties completed briefing on December 11, 2025, and this case was placed on the March summary calendar docket on January 7, 2026. Subsequently, on January 15, 2026, M.M.H. filed a motion for attorney fees and costs pursuant to Kansas Supreme Court Rule 7.07.

ANALYSIS

*Extension of PFA Order*

On appeal, J.P. contends that the district court abused its discretion by granting the one-year extension of the PFA order. Alternatively, J.P. argues—for the first time on appeal—that the extension of the PFA order interferes with his parenting relationship between himself and the child he shares with M.M.H. In response, M.M.H. asserts that the district court appropriately followed the statutory procedure and properly extended the PFA order for one year.

Under K.S.A. 60-3107(e)(1), a district court has the discretion to extend a PFA order for one additional year or longer upon the motion of the plaintiff. See *Kerry G. v. Stacy C.*, 55 Kan. App. 2d 246, 256-57, 411 P.3d 1227 (2018). "'A judicial action constitutes an abuse of discretion if the action (1) is arbitrary, fanciful, or unreasonable; (2) is based on an error of law; or (3) is based on an error of fact.'" 55 Kan. App. 2d at

3

257. Based on our review of the record, we find that the district court did not commit either an error of law or a mistake of fact.

Moreover, we note that a district court is not required to conduct an evidentiary hearing to determine if a PFA order should be extended. See K.S.A. 60-3107(e)(1); 55 Kan. App. 2d at 253. Still, the district court held an evidentiary hearing, and both parties took advantage of the opportunity to testify about their concerns. Only then did the district court find that there was good cause to extend the PFA order for one year and that the extension was reasonably necessary for the protection of M.M.H.

The purpose of the PFA statute is to "promote the protection of victims of domestic violence from bodily injury or threats of bodily injury." K.S.A. 60-3101(b). Likewise, under K.S.A. 60-3107(e)(1), a PFA order may be extended based on a plaintiff's subjective fear of the defendant. See *Jordan v. Jordan*, 47 Kan. App. 2d 300, 306, 274 P.3d 657 (2012). In other words, the Legislature's use of the word "may"—as used in K.S.A. 60-3107(e)(1)—signifies a lower threshold to grant an extension of a PFA order than is required when entering an initial PFA order. Further, the panel in *Jordan* explained that the district court is in the best position to determine whether an extension of a PFA order is warranted. 47 Kan. App. 2d at 306.

Here, a review of the record on appeal reveals that M.M.H. was concerned about J.P.'s history of mental health issues and suicidal thoughts. In addition, she testified about three specific incidents that occurred during the pendency of the PFA order. One involved J.P. going to her church, a second involved him telling the Layne Project that he wanted to contact her, and a third involved him viewing her TikTok page. M.M.H. also testified that she believed J.P. was "unpredictable" and that she was "scared of him."

Although J.P. attempted to explain his actions during the evidentiary hearing, it is not our role to reweigh the evidence or to determine the credibility of the witnesses. See

4

*J.B.B. v. J.L.B.*, 60 Kan. App. 2d 310, 317, 495 P.3d 1036 (2021). Instead, we must determine if the district court acted outside the wide latitude of its discretionary authority in extending the PFA order for one year. See *Jordan*, 47 Kan. App. 2d at 306. Based on our review of the record, we do not find that the district court's conclusion was arbitrary, fanciful, or unreasonable. We also find that the district court appropriately followed the law and was presented with sufficient facts to justify the finding that good cause existed to extend the PFA order and that it was reasonably necessary to do so for M.M.H.'s protection. Finally, we note that any concerns J.P. may have regarding parenting time with the minor child he shares with M.M.H. can—and should be—addressed in the paternity action.

*Request for Appellate Attorney Fees*

On January 15, 2026, M.M.H. filed a motion for appellate attorney fees and costs pursuant to Kansas Supreme Court Rule 7.07. We have the discretion to award appellate attorney fees "in a case in which the district court had authority to award attorney fees." Kansas Supreme Court Rule 7.01(b)(1) (2026 Kan. S. Ct. R. at 52). Likewise, we have the discretion to award appellate attorney fees where "an appeal has been taken frivolously, or only for the purpose of harassment or delay . . . ." Rule 7.07(c) (2026 Kan. S. Ct. R. at 52).

In PFA cases, K.S.A. 60-3107 provides: "(a) The court may approve any consent agreement to bring about a cessation of abuse of the plaintiff . . . or grant any of the following orders . . . (7) Awarding costs and attorney fees to either party." As such, both the district courts and this court have the authority to exercise the discretion to award attorney fees in a PFA case. Although M.M.H. has prevailed in this appeal, J.P. appropriately exercised his right to appeal and raised legitimate arguments that we simply found to be unpersuasive. Under these circumstances, we do not find that the award of appellate attorney fees would promote the interests of justice.

Kansas Supreme Court Rule 7.07(c) (2026 Kan. S. Ct. R. at 52) also grants us the discretion to award appellate attorney fees when the district court could do so, and where "an appeal has been taken frivolously, or only for the purpose of harassment or delay . . . ." A frivolous appeal is one that fails to present a justiciable question and "'is readily recognized as devoid of merit in that there is little prospect that it can ever succeed.'" *McCullough v. Wilson*, 308 Kan. 1025, 1037, 426 P.3d 494 (2018). Again, although we have found J.P.'s arguments to be unpersuasive, we do not find that his appeal was frivolous or that he simply filed for the purpose of harassment or delay. Accordingly, we deny M.M.H.'s motion for appellate attorney fees.

In conclusion, we affirm the district court's one-year extension of the PFA order, and we deny M.M.H.'s request for appellate attorney fees.

Affirmed.