IN THE SUPREME COURT OF THE STATE OF KANSAS

No. 113,903

STATE OF KANSAS,
*Appellee*,

v.

EDWARD SYKES,
*Appellant*.

SYLLABUS BY THE COURT

1.

An appellate court reviews decisions of mootness de novo.

2.

A case is moot when a court determines it is clearly and convincingly shown that the actual controversy has ended, that the only judgment that could be entered would be ineffectual for any purpose, and that it would not have an impact on any of the parties' rights.

3.

The completion of a sentence does not necessarily render a claim moot.

Review of the judgment of the Court of Appeals in an unpublished order filed March 29, 2016. Appeal from Sedgwick District Court; JOSEPH BRIBIESCA, judge. Opinion filed June 19, 2020. Judgment of the Court of Appeals dismissing the appeal is affirmed.

*Joanna Labastida* and *Kasper Schirer,* of Kansas Appellate Defender Office, were on the briefs for appellant.

*Boyd K. Isherwood*, assistant district attorney, *Marc Bennett,* district attorney, and *Derek Schmidt*, attorney general, were on the brief for the appellee.

The opinion of the court was delivered by

ROSEN, J.: Edward Sykes sought to appeal the denial of his motion to correct an illegal sentence based on the calculation of his criminal history, and the Court of Appeals granted the State's motion to dismiss the appeal as moot when Sykes did not challenge that motion. We affirm.

FACTS AND PROCEDURAL HISTORY

Sykes was charged with and convicted of one count of selling cocaine within 1,000 feet of a school. On June 16, 1997, the district court sentenced him to a mid-range term of 78 months, with a postrelease supervision term of 36 months. The sentence was based on a criminal history classification of A. On November 13, 2014, Sykes filed a motion to correct an illegal sentence under *State v. Dickey,* 50 Kan. App. 468, 329 P.3d 1230 (2014), *aff'd* 301 Kan. 1018, 350 P.3d 1054 (2015). On November 24, 2014, the district court denied the motion on the grounds that review of the Court of Appeals opinion in *Dickey* was pending in this court and therefore was not binding as stare decisis. Sykes took a timely appeal.

On March 7, 2016, the State filed a motion seeking involuntary dismissal of the appeal on the grounds that Sykes had completed his sentence and the appeal was moot. In

the absence of a response from the appellant, the Court of Appeals granted the State's motion and dismissed the appeal on March 29, 2016.

Sykes filed a petition for review of the dismissal order. Counsel asserted two grounds for deciding that the appeal was not moot: that a hypothetical future sentencing court might take judicial notice of his criminal history score, and a successful appeal might preserve a legal malpractice claim against his trial counsel. We granted the petition.

## ANALYSIS

Sykes avers that the panel dismissed his case as moot because he completed his prison sentence. He asks us to hold that his case is not moot and remand his case for resentencing.

We review decisions of mootness de novo. *State v. Roat*, 311 Kan.__, __P.3d__ (No. 113,531, this day decided). "A case is moot when a court determines that 'it is clearly and convincingly shown the actual controversy has ended, the only judgment that could be entered would be ineffectual for any purpose, and it would not impact any of the parties' rights.'" *Roat*, No.113,531, slip op. at 6 (quoting *State v. Montgomery*, 295 Kan. 837, 840-41, 286 P.3d 866 [2012]). The completion of a sentence does not necessarily render a claim moot. *Roat*, No. 113,531, slip op. at 16.

To the extent the panel considered Sykes' claim moot based solely on the completion of his sentence, we disagree. As we explain in *Roat*, courts must avoid blanket application of such a broad rule.

3

But we affirm the panel's dismissal because Sykes failed to challenge the State's motion for involuntary dismissal of his case as moot. In *State v. Mayes*, 311 Kan.__, P.3d__, __ P.3d __ (No. 115,006, this day decided), slip op. at 4, we note a court's obligation to fully analyze whether a dismissal will affect a party's asserted rights before dismissing a claim as moot, but we acknowledge that a party must identify these rights for the court. In the absence of such an assertion here, the panel did not err in dismissing the claim.

Sykes urges us to consider whether his case is moot. We decline his invitation. Sykes did not preserve this issue below and fails to explain why we should review it for the first time. *State v. Owens*, 310 Kan. 865, 877, 451 P.3d 467 (2019) (arguments not raised in the Court of Appeals "generally cannot be raised for the first time in a petition for review").

CONCLUSION

The Court of Appeals is affirmed.

JOHNSON, J., not participating.[1]

---

[1]**REPORTER'S NOTE:** Justice Lee A. Johnson heard oral arguments but did not participate in the final decision in case No. 113,903. Justice Johnson retired effective September 6, 2019.