NOT DESIGNATED FOR PUBLICATION

No. 122,206

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

JERRY LEE COSSMAN,
*Appellant*.

MEMORANDUM OPINION

Appeal from Barton District Court; CAREY L. HIPP, judge. Opinion filed November 13, 2020. Appeal dismissed.

Submitted by the parties for summary disposition pursuant to K.S.A. 2019 Supp. 21-6820(g) and (h).

Before ARNOLD-BURGER, C.J., BUSER and WARNER, JJ.

PER CURIAM: Jerry Lee Cossman appeals his sentence contending the district court abused its discretion by denying his motion for a dispositional departure to probation and by scoring his prior California convictions as person crimes for criminal history purposes. We granted Cossman's motion for summary disposition of his appeal under Supreme Court Rule 7.041A (2020 Kan. S. Ct. R. 47). We now dismiss his appeal for lack of jurisdiction and mootness.

1

FACTUAL AND PROCEDURAL HISTORY

Cossman pled guilty to criminal threat, a severity level 9 person felony. He committed this crime in March 2018. At sentencing, Cossman challenged the classification of his prior California convictions from 1996 and 1998 as person felonies for criminal history purposes. The parties agreed that Cossman was convicted of violating California Penal Code § 273.5 (1996) which provided:

> "(a) Any person who willfully inflicts upon his or her spouse, or any person who willfully inflicts upon any person with whom he or she is cohabiting, or any person who willfully inflicts upon any person who is the mother or father of his or her child, corporal injury resulting in a traumatic condition, is guilty of a felony . . . .
>
> . . . .
>
> "(c) As used in this section, 'traumatic condition' means a condition of the body, such as a wound or external or internal injury, whether of a minor or serious nature, caused by a physical force."

Cossman argued the "traumatic condition" element of the California offense made it broader than any Kansas offense.

The district court found the California statute comparable to the offenses of battery and aggravated battery in Kansas. The court thus found Cossman's criminal history score was B, scoring the two California convictions as person felonies.

The court denied Cossman's motion for a downward dispositional departure to probation. The court found no substantial and compelling reasons to depart, noting that Cossman had four prior convictions for person crimes and that he had to be extradited when he did not show for a previous hearing after being released on bond. In November

2

2019, the court sentenced him to 14 months in prison with 12 months' postrelease supervision.

Cossman timely appeals.

ANALYSIS

*We do not have jurisdiction to review the denial of Cossman's departure motion.*

We lack jurisdiction over Cossman's appeal of the denial of his departure motion because Cossman was given a presumptive sentence. Under K.S.A. 2019 Supp. 21-6820(c)(1), an appellate court shall not review on appeal a sentence for a felony conviction that is within the presumptive Kansas Sentencing Guidelines Act sentence for the crime. See *State v. Sprung*, 294 Kan. 300, 317, 277 P.3d 1100 (2012) (no jurisdiction to review presumptive sentences); see also *State v. Looney*, 299 Kan. 903, 908-10, 327 P.3d 425 (2014) (holding that "all departure sentences are subject to appeal under K.S.A. 21‑4721(a) unless appellate jurisdiction is divested by a more specific provision" and further noting that K.S.A. 21-4721(c)(1) [now K.S.A. 2019 Supp. 21-6820(c)(1)] is a more specific provision prohibiting appeals from presumptive sentences).

*Cossman's criminal history score challenge is moot.*

In the State's response to Cossman's motion for summary disposition of this appeal, the State argues this appeal is moot because Cossman's imprisonment has ended and a judgment would not have an impact on any of the parties' rights. Cossman has completed his prison sentence but has not been released from postrelease supervision. The State filed a notice of change of confinement status stating that Cossman was released from prison to postrelease status on March 13, 2020. The State filed another notice stating that Cossman had relocated to Missouri and began supervision through the

3

State of Missouri as of May 1, 2020. Cossman did not respond to the State's claim of mootness.

A case is moot when it is clearly and convincingly shown that the actual controversy has ended, the only judgment that could be entered would be ineffectual for any purpose, and it would not have an impact on any of the parties' rights. *State v. Roat*, 311 Kan. 581, 584, 466 P.3d 439 (2020). The party asserting mootness generally bears the initial burden of establishing that a case is moot. In a sentencing appeal, the party asserting mootness may establish a prima facie showing of mootness by demonstrating that the defendant has fully completed his or her sentence. Upon a prima facie showing of mootness, the burden shifts to the party opposing the mootness challenge to show the existence of a substantial interest that would be impaired by dismissal or that an exception to the mootness doctrine applies. 311 Kan. at 593.

Our Supreme Court has cautioned our court not to employ a "bright line" test that renders a sentencing appeal necessarily moot when the offender has served his or her sentence. 311 Kan. at 592. However, when the offender fails to challenge the State's showing of mootness, we can dismiss the appeal as moot. *State v. Sykes*, 311 Kan. 612, 613-14, 465 P.3d 1152 (2020).

Here, the State showed that Cossman completed the prison portion of his sentence but he is still on postrelease supervision. Numerous panels of this court have found challenges to an offender's criminal history score moot when the offender is still on postrelease supervision because the term of postrelease supervision is a function of the severity level of the crime, not the criminal history score. See, e.g., *State v. Barnes*, No. 117,783, 2018 WL 6005417, at *2-3 (Kan. App. 2018) (unpublished opinion), *rev. denied* 310 Kan. 1063 (2019). Offenders sentenced for a nondrug severity level 9 crime "must serve 12 months on postrelease supervision." K.S.A. 2019 Supp. 22-3717(d)(1)(C). Even assuming the district court miscalculated Cossman's criminal history score, the

4

miscalculation would not affect his term of postrelease supervision. The controversy surrounding the length of Cossman's sentence has ended. A judgment in his favor would be ineffectual for any purpose. And Cossman has identified no rights that he loses by dismissal of this appeal as moot.

Appeal dismissed.