No. 117,070

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

KERRY G.,
*Appellee*,

v.

STACY C.,
*Appellant*.

SYLLABUS BY THE COURT

1.

A court will consider a moot issue if the issue is one capable of repetition and one of public importance.

2.

A motion filed under K.S.A. 2016 Supp. 60-3107(e)(1) to extend a protection from abuse (PFA) order for one year must set forth with particularity the grounds for seeking the order.

3.

A motion filed under K.S.A. 2016 Supp. 60-3107(e)(1) to extend a PFA order for one year must be served on the defendant. Once served, the defendant has seven days to respond.

4.

K.S.A. 2016 Supp. 60-3107(e)(1) does not require that the court conduct an evidentiary hearing to determine if the PFA order should be extended for one year. But either party may request oral argument on the motion.

1

5.

Any decision by the court to extend a PFA order for one year under K.S.A. 2016 Supp. 60-3107(e)(1) must be based on good cause shown and be reasonably necessary for the protection of the plaintiff.

6.

K.S.A. 2016 Supp. 60-3107(e)(1) is not void for vagueness.

7.

A court's failure to exercise its discretionary authority is an abuse of discretion.

Appeal from Harvey District Court; STEPHEN A. HILGERS, magistrate judge. Opinion filed January 5, 2018. Reversed and vacated.

*Mary A. McDonald*, of McDonald Law LLC, of Newton, for appellant.

No appearance by appellee.

Before ARNOLD-BURGER, C.J., LEBEN and POWELL, JJ.

ARNOLD-BURGER, C.J.:  Upon motion of a plaintiff, a district court may extend a protection from abuse (PFA) order for one year. K.S.A. 2016 Supp. 60-3107(e)(1). The issue presented in this case is determining what process is due to a defendant when a plaintiff files a request for the statutorily allowed extension of the PFA order. Here, the district court granted Kerry's request for a one-year extension of a PFA order against Stacy without making any factual findings, and without giving Stacy notice or a hearing. Stacy appeals contending:  (1) the district court violated his due process rights by not giving him notice or an opportunity to be heard before extending the PFA order; (2) K.S.A. 2016 Supp. 60-3107(e)(1) is void for vagueness; and (3) the district court abused its discretion in extending the PFA order.

2

Because we find that the district court violated Stacy's statutory right to notice and an opportunity to be heard before issuing the order extending the PFA order for one year, we reverse the district court's order and vacate it.

FACTUAL AND PROCEDURAL HISTORY

Kerry and Stacy were in a dating relationship. After a series of incidents in which Kerry alleged that Stacy engaged in nonconsensual sexual contact with her, she reported him to the police. Police filed charges against Stacy in March 2015. In July 2015, Kerry filed a petition for a PFA order against Stacy. Kerry asserted that Stacy attempted to directly or indirectly contact her after charges were brought against him. These attempts included contacting Kerry's friends, following her to her house at 12:30 in the morning, parking in front of her place of employment, and standing at the back door of her place of employment. The district court granted Kerry a temporary PFA order and scheduled a hearing on the issue.

Following the hearing, the district court entered a final PFA order. The order was to be in effect until October 13, 2016. The order stated that "[t]his Final order of Protection from Abuse may be extended for additional periods of time upon motion of the plaintiff. Violation of this order could result in the order being extended for up to the lifetime of the defendant." Stacy appealed the order, and the order was upheld on appeal. *Kerry G. v. Stacy C.*, 53 Kan. App. 2d 218, 386 P.3d 921 (2016).

In August 2016, Kerry filed a motion to extend the final PFA order for one additional year pursuant to K.S.A. 2016 Supp. 60-3107(e)(1). The district court granted the order. The order reflects that the court did not set the matter for a hearing, but that both parties and their attorneys made appearances. The order was served on Stacy on October 28, 2016.

3

Stacy filed a motion to set aside and dismiss the PFA extension order for failure to comply with Kansas statutes or constitutional due process protections. He averred that he never received notice of the motion to extend the PFA order and that he did not become aware of it until the extension order was served on him. He argued that the order, which showed that both parties and their attorneys were present when the district court ordered the extension, was incorrect because he and his attorney were not present. Stacy argued that this violated his due process rights because he was not given notice or an opportunity to be heard on the issue. He also noted that Kerry did not provide a factual basis for extending the motion. The district court scheduled a hearing for the motion.

Following the hearing, the district court denied Stacy's motion. The court held that Stacy was not entitled to notice of the motion to extend the PFA order, nor was he entitled to a hearing before the PFA order was extended. The court also held that Kerry did not have a duty to allege specific facts that would support her motion to extend. The court added that it routinely granted one-year extensions to PFA orders without notice to the defendant or a hearing. In conclusion, the district magistrate judge stated that it is in "the discretion of the Court to issue the extension for one year. No hearing, no notice, nothing. They can just do it."

Stacy appealed.

ANALYSIS

*The appeal is not moot.*

Before reaching Stacy's substantive arguments, this court must determine whether the issue on appeal is moot. A case is moot when the controversy between the parties has ended and any judgment of the court would be ineffective. *State ex rel. Slusher v. City of Leavenworth*, 285 Kan. 438, 454, 172 P.3d 1154 (2007). The PFA order expired on

4

October 13, 2017. Therefore, this court cannot grant Stacy the relief that he requests—because the extension period has already expired. Stacy does not address this issue in his brief, and Kerry did not file a brief.

As a general rule, Kansas appellate courts do not decide moot questions or render advisory opinions. *Skillett v. Sierra*, 30 Kan. App. 2d 1041, 1046, 53 P.3d 1234 (2002). However, there are exceptions to the general rule. 30 Kan. App. 2d at 1046. A court will consider a moot issue if it "involve[s] vital rights to the parties." 30 Kan. App. 2d at 1046. Another exception arises "if the issue is 'one capable of repetition and one of public importance.'" 30 Kan. App. 2d at 1048 (quoting *Board of Johnson County Comm'rs v. Duffy*, 259 Kan. 500, 504, 912 P.2d 716 [1996]). This court exercises unlimited review over issues of mootness. *State v. Hilton*, 295 Kan. 845, 849, 286 P.3d 871 (2012).

Because Stacy does not address mootness, he does not show how consideration of this appeal is vital to his personal rights. However, we find that the second exception applies here. The district court's order states that the court "routinely grants orders extending Protection from Abuse Orders an additional year, without prior notice of the motion to the Defendant/Respondent and without allowing for request of hearings from Defendant[s]/Respondents against whom Protection from Abuse extensions of an additional year are ordered." This shows that the issue is capable of repetition. And if, as Stacy argues, the procedures used by the district court violate due process or the statute is void for vagueness, then the issue is one of public importance. See *Smith v. Martens*, 279 Kan. 242, 245, 106 P.3d 28 (2005) (agreeing to consider an appeal of an expired protection from stalking order to address the constitutionality of the Protection from Stalking Act because "[t]he constitutionality of the Act, on its face, [was] a matter of public importance capable of repetition"). Accordingly, we will consider Stacy's appeal, even though we cannot grant him the specific relief he requests.

*We examine the statutes governing PFA orders in Kansas.*

To begin, it is important to outline the statutes as they relate to the facts of this case to fully understand Stacy's arguments. We pause to note that neither Kerry nor the Attorney General filed any briefs in this case, so we do not have the benefit of their positions on Stacy's appeal or the constitutionality of the statute.

An intimate partner or household member may seek a PFA order by filing a verified petition with the court alleging abuse by another intimate partner or household member. K.S.A. 2016 Supp. 60-3104(a). A verified petition is one that is signed attesting to the truthfulness of the allegations contained in the pleading. See K.S.A. 53-601. Once filed, the petition must be personally served on the defendant. K.S.A. 2016 Supp. 60-3104(d). Within 21 days, the court is required to hold a hearing at which the plaintiff must prove the allegation of abuse by a preponderance of the evidence. This is a full evidentiary hearing with notice to the parties, the presentation of witnesses, and the right to cross-examination. K.S.A. 2016 Supp. 60-3106(a). Unless later modified or dismissed by the court, once a PFA order is entered it is in effect for one year. K.S.A. 2016 Supp. 60-3107(e).

The Protection from Abuse Act provides two ways to extend a PFA order. "Upon motion of the plaintiff," a PFA order "may be extended for one additional year." K.S.A. 2016 Supp. 60-3107(e)(1). A court must extend a PFA order for at least an additional two years, and may extend it up to the lifetime of the defendant, if it finds that the defendant has violated a valid PFA order. Before the court can make such a finding, the plaintiff must file a verified petition with the court. Just like the initial PFA petition, it must be personally served on the defendant and proven by a preponderance of the evidence after an evidentiary hearing. K.S.A. 2016 Supp. 60-3107(e)(2).

With this statutory context in mind we proceed to Stacy's claims of error.

*The district court violated Stacy's statutory rights to notice and an opportunity to be heard.*

Stacy's first argument is that the district court violated his due process rights under the Fourteenth Amendment to the United States Constitution (no state shall "deprive any person of life, liberty, or property, without due process of law") by granting the motion to extend the PFA order for an additional year without holding a hearing or providing him with notice of the motion.

Whether a person was afforded due process is an issue of law subject to unlimited review. See *State v. Wilkinson*, 269 Kan. 603, 608-09, 9 P.3d 1 (2000). "The basic elements of procedural due process are notice and an opportunity to be heard at a meaningful time and in a meaningful manner." 269 Kan. at 608.

We find that we need not address the constitutional claim asserted, because Stacy had a statutory right to notice and an opportunity to be heard at a meaningful time and in a meaningful manner that mirrors his constitutional right to due process. Stacy's statutory rights were clearly violated. See *State ex rel. Schmidt v. City of Wichita*, 303 Kan. 650, Syl. ¶ 3, 367 P.3d 282 (2016) ("Appellate courts generally avoid making unnecessary constitutional decisions. . . . [W]here there is a valid alternative ground for relief, an appellate court need not reach a constitutional challenge.").

Our review of Stacy's statutory rights involves statutory interpretation. Interpretation of a statute is a question of law over which appellate courts have unlimited review. *Neighbor v. Westar Energy, Inc.*, 301 Kan. 916, 918, 349 P.3d 469 (2015). The most fundamental rule of statutory construction is that the intent of the legislature governs if that intent can be ascertained. *State ex rel. Schmidt*, 303 Kan. at 659. An appellate court must first attempt to ascertain legislative intent through the statutory

7

language enacted, giving common words their ordinary meanings. *Ullery v. Othick*, 304 Kan. 405, 409, 372 P.3d 1135 (2016).

First, even though a one-year extension of a PFA order does not require a verified petition, as is the case for the initial petition or any request to extend a PFA order for two years or more, it does require the filing of a motion. K.S.A. 2016 Supp. 60-3107(e)(1). All proceedings under the Protection from Abuse Act are subject to the provisions of "chapter 60 of the Kansas Statutes Annotated." K.S.A. 60-3109. According to the code of civil procedure, "[a] request for a court order must be made by motion" and "a written motion, except one that may be heard ex parte," must be served on the defendant. K.S.A. 2016 Supp. 60-207(b); K.S.A. 2016 Supp. 60-205(a)(1)(D). The statute at issue here, K.S.A. 2016 Supp. 60-3107(e)(1), does not explicitly provide for an ex parte hearing on the motion. Generally, when ex parte hearings are allowed under our Kansas statutes, and in particular under the Protection from Abuse Act, the statute clearly so states and requires some sort of verified petition or pleading as a condition precedent. See K.S.A. 60-3105(a) (emergency order for relief may be granted ex parte after filing of a verified petition); K.S.A. 2016 Supp. 60-3106(b) (temporary orders may be granted ex parte after filing of a verified petition); see also K.S.A. 2016 Supp. 60-31a05(b) (ex parte temporary orders after filing verified petition); K.S.A. 2016 Supp. 59-3073(a)(7) (ex parte appointment of temporary guardian following filing of verified petition). Accordingly, notice is required.

As to service of the motion, because personal service is not required as it is elsewhere in the statute, service of the motion can be by any method set out in the statute, including mailing it to the defendant's last known address. K.S.A. 2016 Supp. 60-205(b)(2)(C). If the defendant is represented by an attorney, service must be made on the attorney. K.S.A. 2016 Supp. 60-205(b)(1). In this case, there is no dispute that Stacy was not served with the motion, nor was his attorney.

8

Second, all motions filed with a court must set forth "with particularity the grounds for seeking the order." K.S.A. 2016 Supp. 60-207(b)(1)(B); see also Supreme Court Rule 133(a) (2017 Kan. S. Ct. R. 198) (motions must state the reasons for the motion). This also incorporates the basic constitutional due process requirement of notice. In this case, the motion filed by Kerry stated only: "Plaintiff asks the court to extend the protection from abuse order entered on 10/13/15. . . . Plaintiff requests an extension of the protection from abuse order for an additional year under K.S.A. 60-3107(e)(1)." No further reasons were given. It was filed on August 29, 2016. It was granted by the district magistrate judge on October 11, 2016. Although the journal entry states that both parties and their respective attorneys were present, there is no dispute that there were no appearances, at least by the defendant and his attorney. The final order was served on Stacy on October 28, 2016. Even if Stacy had been served with the motion prior to October 11, 2016, its contents were woefully inadequate to put him on notice as to why Kerry believed an extension of the PFA order was necessary.

Next, once a motion is filed under K.S.A. 2016 Supp. 60-3107(e)(1), a defendant has a right, although not a duty, to file a response. See K.S.A. 2016 Supp. 60-206(c)(2). Although no specific time frame is set out in the statute, there are some general provisions that guide a party filing a response to a motion. If the motion includes a hearing date, the motion must be served on the defendant at least seven days prior to the hearing. K.S.A. 2016 Supp. 60-206(c). Any response to the motion must be served on the plaintiff at least one day prior to the hearing. K.S.A. 2016 Supp. 60-206(c)(2). Extensions of time may be granted in the discretion of the judge. K.S.A. 2016 Supp. 60-206(b). In addition, Supreme Court Rule 133(b) provides that an adverse party may file a memorandum in opposition to a motion stating the reasons it should be denied. The response must be filed not later than seven days after service of the motion. Supreme Court Rule 133(b). So in this case, had Stacy been properly served, he would have had an opportunity to respond to Kerry's motion. He could also request an extension of time if seven days was not sufficient. K.S.A. 2016 Supp. 60-206(b).

9

Finally, K.S.A. 2016 Supp. 60-3107(e)(1) does not require that the court conduct an evidentiary hearing to determine if the PFA order should be extended for one year. The Protection from Abuse Act explicitly requires such a hearing before the initial entry of the order. K.S.A. 2016 Supp. 60-3106(a). It also requires an evidentiary hearing prior to extending an order for two years or more. K.S.A. 2016 Supp. 60-3107(e)(2). But even though an evidentiary hearing is not statutorily required in response to a motion to extend the PFA order for only one year, Supreme Court Rule 133(c)(1) (2017 Kan. S. Ct. R. 198) provides:  "A party may request oral argument—either in the motion or in a response filed by the adverse party." The rule goes on to state that if no party requests oral argument, the court has the option of setting the matter for a hearing or ruling on the motion immediately and communicating the ruling to the parties. Supreme Court Rule 133(c)(2). Even if a party requests oral argument, a court is not required to grant the request and may simply state "in the ruling or by separate communication that oral argument would not aid the court materially." Supreme Court Rule 133(c)(1) (2017 Kan. S. Ct. R. 198). In this case, neither party requested oral argument, so had Stacy been properly served with the motion the court would have been free to rule on the motion and simply communicate the decision to the parties. Of course, we do not know if Stacy would have requested oral argument had he been properly advised of the motion.

In sum, Stacy had a statutory right to receive a copy of the motion Kerry filed requesting a one-year extension of the PFA order. He had a right to respond and to request oral argument on the motion prior to a judge ruling on it. Failure of Kerry to serve a copy of the order on Stacy and failure of the court to make sure Stacy had been served violated Stacy's statutory rights. Such a violation was not harmless because it subjected Stacy to an order that limited his movement and subjected him to potential criminal and civil penalties—all without notice of the allegations against him and an opportunity to present his disagreement to the district court. Accordingly, the order extending the PFA order for one year is vacated.

*K.S.A. 2016 Supp. 60-3107(e)(1) is not unconstitutionally vague.*

Stacy also argues that K.S.A. 2016 Supp. 60-3107(e)(1) is unconstitutionally vague.

Stacy is raising this issue for the first time on appeal. Generally, this court will not consider a constitutional issue raised for the first time on appeal. *In re A.E.S.*, 48 Kan. App. 2d 761, 767, 298 P.3d 386 (2013). But, there are several exceptions. One of these is that "the newly asserted theory involves only a question of law arising on proved or admitted facts and is finally determinative of the case." *State v. Kirtdoll*, 281 Kan. 1138, 1149, 136 P.3d 417 (2006). Stacy argues that this exception applies to his case. Because Stacy's PFA order is already expired, it is unclear how resolution of this issue would be finally determinative of his case. However, this court can also hear cases when "consideration of the theory is necessary to serve the ends of justice or to prevent denial of fundamental rights." 281 Kan. at 1149. Consideration of Stacy's claim is appropriate under this exception to determine if K.S.A. 2016 Supp. 60-3107(e)(1) is unconstitutional, and thus denies fundamental rights.

When the constitutionality of a statute is challenged, this court exercises unlimited review. *Glaze v. J.K. Williams, LLC*, 53 Kan. App. 2d 712, 719, 390 P.3d 116 (2017). The appellate courts presume statutes are constitutional and must resolve all doubts in favor of a statute's validity. Courts must interpret a statute in a way that makes it constitutional if there is any reasonable construction that would maintain the legislature's apparent intent. *Solomon v. State*, 303 Kan. 512, 523, 364 P.3d 536 (2015).

This court makes two inquiries when determining whether a statute is void for vagueness:  "(1) whether the statute gives fair warning to those persons potentially subject to it, and (2) whether the statute adequately guards against arbitrary and discriminatory enforcement." *Gullian v. Watts*, 249 Kan. 606, 618, 822 P.2d 582 (1991).

11

For the first inquiry, this court must ask whether the statute "convey[s] sufficient definite warning and fair notice as to the prohibited conduct in light of common understanding and practice." *City of Wichita v. Hackett*, 275 Kan. 848, 853, 69 P.3d 621 (2003). Stacy argues that K.S.A. 2016 Supp. 60-3107(e)(1) fails to give notice to defendants as to what conduct would result in an extension of the protective order. But, this provision must be read in context of the Protection from Abuse Act. K.S.A. 60-3101 et seq. When looking at the Act as a whole, it is clear that a defendant is only subject to a PFA order if the defendant abuses an intimate partner or household member. K.S.A. 60-3102(a)-(b); K.S.A. 2016 Supp. 60-3106(a). Once the district court finds abuse by a preponderance of the evidence, the defendant is subject to a PFA order for up to two years—one year may be assigned by the district court and another requested by the plaintiff. In Stacy's case, he could have avoided the application of K.S.A. 2016 Supp. 60-3107(e)(1) if he had avoided the abuse that led to Kerry seeking the PFA order in the first place.

K.S.A. 2016 Supp. 60-3107(e)(1) gives fair warning to the persons potentially subject to it. Anyone subject to a PFA order may also be subject to an extension of that order under K.S.A. 2016 Supp. 60-3107(e). Thus, the first part of the vagueness inquiry suggests that the statute is constitutional.

Stacy also argues that the statute does not adequately guard against arbitrary and discriminatory enforcement "[b]ecause no clear rules explain how and when the court should grant an extension under K.S.A. 60-3107(e)(1) . . . ." Stacy makes a good point—nothing in the statute dictates when the district court should or should not grant an extension. The lack of statutory guidance is a problem not only for defendants, but also for plaintiffs. If a district court exercises its discretion to deny a plaintiff's motion to extend a PFA order without making any factual findings, the plaintiff would have a hard time proving that the district court abused its discretion.

12

Although it would be preferable if the statute had clearer language, its absence does not automatically result in a finding that the statute is void for vagueness. As indicated, "[i]f there is any reasonable way to construe the statute as constitutionally valid, that should be done." *Moody v. Board of Shawnee County Comm'rs*, 237 Kan. 67, 74, 697 P.2d 1310 (1985). We have no problem doing so here. We are aided by the legislative statement of purpose regarding the Protection from Abuse Act:

> "This act shall be liberally construed to promote the protection of victims of domestic violence from bodily injury or threats of bodily injury and to facilitate access to judicial protection for the victims, whether represented by counsel or proceeding *pro se*." K.S.A. 60-3101(b).

The statute requires the judge to perform a discretionary act: "Upon motion of the plaintiff, such period *may* be extended for one additional year." (Emphasis added.) K.S.A. 2016 Supp. 60-3107(e)(1). "May" means that a judge is "permitted," but not required, to take some action. Black's Law Dictionary 1127 (10th ed. 2014). "Judicial discretion" is defined as "[t]he exercise of judgment by a judge or court based on what is fair under the circumstances and guided by the rules and principles of law." Black's Law Dictionary 565 (10th ed. 2014). We have long-standing caselaw in Kansas related to a judge's use of his or her discretion. A judge abuses his or her discretion when making an order that is (1) arbitrary, fanciful, or unreasonable; (2) based on an error of law; or (3) based on an error of fact. *Jordan v. Jordan*, 47 Kan. App. 2d 300, 306, 274 P.3d 657 (2012). Accordingly, a judge's decision to extend the PFA order must be based on the law and the facts of the case, and it may not be arbitrary, fanciful, or unreasonable. If this standard is violated, the judge's action will not withstand appellate review.

Accordingly, we interpret K.S.A. 2016 Supp. 60-3107(e)(1) to include a requirement that any such discretionary decision by the court to extend a PFA order for one year must be based on good cause shown and be reasonably necessary for the

protection of the plaintiff. We find that the statute is constitutional when a judge's discretion is limited and construed in this way. We also find that such a reading is consistent with the legislative intent "to promote the protection of victims of domestic violence from bodily injury or threats of bodily injury." K.S.A. 60-3101(b).

*The district court abused its discretion in extending the PFA order by not exercising any discretion.*

Alternatively, Stacy argues that the district court abused its discretion in extending the PFA order.

As stated, a district court has discretion to extend a PFA order under K.S.A. 2016 Supp. 60-3107(e)(1). "A judicial action constitutes an abuse of discretion if the action (1) is arbitrary, fanciful, or unreasonable; (2) is based on an error of law; or (3) is based on an error of fact." *Jordan*, 47 Kan. App. 2d at 306.

But in this case the magistrate judge indicated that he routinely grants plaintiffs' motions for a one-year extension with "[n]o hearing, no notice, nothing. [I] can just do it." He treated the statute as if it compelled such a result, rather than simply allowed such a result. "A tribunal's failure to exercise its discretionary authority is an abuse of discretion." *Kansas Dept. of Revenue v. Powell*, 290 Kan. 564, Syl. ¶ 5, 232 P.3d 856 (2010). The plain language of the statute does not state that the judge *shall* extend the PFA order upon a motion made; it states he or she *may* extend it. Our Supreme Court has made clear that "a tribunal abuses its discretion by applying a blanket rule without consideration of other factors in an individual case." 290 Kan. at 570. Accordingly, we find the district magistrate judge abused his discretion here by completely failing to exercise it and consider the individual facts of the case.

14

Had we not already found that Stacy's statutory rights to notice and an opportunity to be heard were violated, we would typically remand the case to the district magistrate judge to properly exercise his discretion. But because the time period for the extension has already expired, such an order would serve no purpose.

We reverse the district court's decision extending the PFA order filed against Stacy and vacate the order.

Reversed and vacated.