NOT DESIGNATED FOR PUBLICATION

No. 123,060

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

K.F.,
*Appellee*,

v.

A.F.,
*Appellant*.

MEMORANDUM OPINION

Appeal from Leavenworth District Court; THOMAS DAWSON, judge pro tem. Opinion filed April 2, 2021. Appeal dismissed.

*Gary A. Nelson*, of Gary A. Nelson, P.A., of Leavenworth, for appellant.

*Charles Joseph Osborn*, of Osborn Law Office, LLC, of Leavenworth, for appellee.

Before SCHROEDER, P.J., MALONE, J., and MCANANY, S.J.

PER CURIAM: K.F. sought a protection from stalking (PFS) order against her husband, A.F. After an evidentiary hearing, the district court entered the requested PFS order and denied A.F.'s later motion to set the order aside. A.F. appeals, arguing that there was insufficient evidence to support granting the order and that the district court erred by denying his motion to set it aside. For the reasons explained below, we hold that the expiration of the PFS order renders this appeal moot, and A.F. has not established that we should consider his arguments despite the appeal being moot. Accordingly, we dismiss.

1

## PROCEDURAL HISTORY

K.F. filed a petition for a PFS order against A.F. during the pendency of their divorce proceedings which began in May 2019. On September 9, 2019, the district court denied relief for failure to establish an essential element of the claim.

On September 13, 2019, K.F. filed a second petition seeking a PFS order against A.F. In her petition, K.F. described text messages purportedly sent to her by A.F. The district court issued an ex parte temporary PFS order and set the matter for an evidentiary hearing on September 30, 2019. The hearing was later rescheduling for October 21, 2019.

At the October 21, 2019 hearing, K.F. testified about various text messages she believed came from A.F. She claimed these messages caused her to fear for her safety. She told the judge that A.F. recently appeared at their son's daycare center to pick up their son on a day that A.F. did not have scheduled parenting time, but he left when he saw K.F. K.F. testified that she feared that A.F. might hurt her or try to physically take their son.

After K.F.'s testimony, the district court denied A.F.'s motion to dismiss. A.F. then testified that the daycare incident had been a one-time miscommunication. He had believed it was his responsibility to pick up his son that day, and when he realized he was mistaken, he left. He denied sending the texts that K.F. claimed had caused her to be fearful. He contended that K.F. was seeking the PFS order in an attempt to affect his custody and parenting rights in their pending divorce proceedings.

After hearing the testimony, the court granted the petition and issued a PFS order. The order was effective until October 21, 2020, and "may be extended for additional periods of time upon motion of the plaintiff."

A.F. moved to set aside the PFS order, which the district court denied. This appeal followed.

ANALYSIS

On appeal, A.F. identifies eight issues, seven of which challenge the evidence supporting the district court's decision to grant the PFS order. But in his August 11, 2020 appellate brief, he recognized that the PFS order could expire before this court resolves his appeal, which could render the appeal moot. Nevertheless, he contends that even if the order expires as anticipated in October 2020, exceptions apply which justify this court considering his arguments on their merits.

K.S.A. 2020 Supp. 60-31a06(b), (c), and (d) mandate that a PFS order "shall remain in effect until modified or dismissed by the court and shall be for a fixed period of time not to exceed one year" unless the plaintiff files a motion to extend it.

K.F. filed her appellate brief on October 21, 2020—the date the PFS order was set to expire. Not surprisingly, as the beneficiary of the PFS order and the only party under the statute permitted to request an extension, she argues that "there is every likelihood that the Protective Order at issue here will have expired well before this Court has an opportunity to consider the matter now before it." If that happens, she argues, the appeal is moot and we should dismiss it.

A.F. has not filed a reply brief asserting that the PFS was extended, and he has not moved to supplement the record with an order extending the original PFS order. Accordingly, we have nothing before us to suggest that the status quo—the October 21, 2020 expiration of the PFS order—has been disturbed.

"A case is moot when the controversy between the parties has ended and any judgment of the court would be ineffective." *Kerry G. v. Stacy C.*, 55 Kan. App. 2d 246, 248, 411 P.3d 1227 (2018). Since there is no indication the PFS order was extended, A.F. is no longer subject to its restrictions, regardless of whether this court agrees with him that the district court erred in granting the order. In other words, "a ruling in this appeal would seem to be of no practical significance—in legal terms, the appeal is moot." *C.M. v. McKee*, 54 Kan. App. 2d 318, 320, 398 P.3d 228 (2017).

But A.F. argues that certain exceptions to the doctrine of mootness apply here.

"As a general rule, Kansas appellate courts do not decide moot questions or render advisory opinions. However, there are exceptions to the general rule. A court will consider a moot issue if it 'involve[s] vital rights to the parties.' Another exception arises 'if the issue is "one capable of repetition and one of public importance."' This court exercises unlimited review over issues of mootness. [Citations omitted.]" *Kerry G.*, 55 Kan. App. 2d at 249.

A.F. contends:

"The Protection Order involves vital rights to the Defendant in that it will remain on his record and inhibit his rights for years to come. It is also an issue that is capable of repetition and one of public importance. The Protection Order was granted October 21, 2019 for one year. It is subject to being extended for up to a lifetime. If the Order is not extended, it will have expired before this case is likely decided by this Court and therefore will be moot. If it is extended, it will not be moot. Either way, if this Court reverses the district court's decision in granting the PFS Order filed against the Defendant and vacates the order, even if moot, it will restore the rights of the Defendant that have been effected."

In determining whether an appeal is moot and should be dismissed, we analyze "whether an appellate judgment on the merits would have meaningful consequences for

any purpose, including future implications." *State v. Roat*, 311 Kan. 581, 592-93, 466 P.3d 439 (2020). Because A.F. essentially concedes that his appeal became moot when the PFS order expired, he now bears the burden "to show the existence of a substantial interest that would be impaired by dismissal or that an exception to the mootness doctrine applies." 311 Kan. at 593 (citing *Cierco v. Lew*, 190 F. Supp. 3d 16, 23 [D.C. Cir. 2016]).

But A.F. makes only generalized assertions that his "rights" will be affected in the future if we do not resolve his appeal on the merits. He does not identify those rights which he is obligated to do. *State v. Sykes*, 311 Kan. 612, 613-14, 465 P.3d 1152 (2020). Thus, this contention, incidentally raised in A.F.'s brief but not adequately argued, has been abandoned. See *Russell v. May*, 306 Kan. 1058, 1089, 400 P.3d 647 (2017).

A.F. also makes a conclusory assertion that the issues raised in this appeal are of public importance, but he provides no further explanation. Because A.F.'s substantive issues are related to the evidence presented in this fact-specific case, we are not persuaded that they are of sufficient public importance to merit consideration of this otherwise moot appeal.

Appeal dismissed as moot.